Order, Supreme Court, New York County (Charles E. Ramos, J), entered September 30, 2008, which denied plaintiffs motion to stay or enjoin arbitrations pending before the American Arbitration Association (AAA), affirmed, without costs.
The arbitration agreement at issue requires that “[a]ll disputes and differences arising under or in connection with this [contract] ... be referred to arbitration under the American Arbitration Association Rules.” The AAA rules authorize the arbitration tribunal to rule on its own jurisdiction, includ *496 ing objections with respect to the existence, scope or validity of the arbitration agreement. Although the question of arbitrability is generally an issue for judicial determination, when the parties’ agreement specifically incorporates by reference the AAA rules, which provide that “[t]he tribunal shall have the power to rule on its own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement,” and employs language referring “all disputes” to arbitration, courts will “leave the question of arbitrability to the arbitrators” (see Matter of Smith Barney Shearson v Sacharow, 91 NY2d 39, 47 [1997] [internal quotation marks omitted]). Thus, the motion court was correct in finding that the scope and validity of the arbitration agreement, necessarily including issues of arbitrability, are for the arbitration tribunal to determine.
The stay and injunctive relief sought by plaintiff are not warranted by the inclusion in the arbitration agreement of a provision that gives the parties the right to challenge the arbitrators’ determination on the ground that the panel made an error of law. Although the United States Supreme Court recently held that the Federal Arbitration Act does not permit parties to expand, by their own agreement, the scope of judicial review beyond that authorized by the Act (see Hall St. Assoc., L.L.C. v Mattel, Inc., 552 US 576, 128 S Ct 1396 [2008]), this Court need not reach the issue of whether that portion of the parties’ arbitration provision is severable from the remainder of the arbitration provision, since that issue is necessarily included among the arbitrability issues that the parties’ agreement reflects would be decided by the arbitrators (see Contec Corp. v Remote Solution, Co., Ltd,., 398 F3d 205, 211 [2d Cir 2005]).
The policy of this State, like the federal policy discussed in Hall St. Assoc., favors arbitration “with just the limited review needed to maintain arbitration’s essential virtue of resolving disputes straightaway, ’ ’ and therefore seeks to avoid “the full-bore legal and evidentiary appeals that can render informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process . . . and bring arbitration theory to grief in post-arbitration process” (552 US at —, 128 S Ct at 1405 [citations, internal quotation marks and brackets omitted]). “[T]his State favors and encourages arbitration as a means of conserving the time and resources of the courts and the contracting parties . . . Therefore, New York courts interfere as little as possible with the freedom of consenting parties to submit disputes to arbitration” (Smith Barney, 91 NY2d at 49-50 [citation and internal quotation marks omitted]). *497 Permitting the arbitration to proceed at this juncture fully comports with that policy. Concur—Saxe, J.P., Buckley, DeGrasse and Freedman, JJ.